REQUESTED BY: Dear Senator:
You have forwarded to our office for review proposed amendments to LB 104. LB 104 may be generally described as a bill to provide a procedure whereby the Department of Labor will assist individuals in collecting wages from employers where a dispute exists over the liability for payment or where the employer refuses to pay wages due.
In earlier hearings on this bill Mr. Vitamvas of our office raised certain questions regarding the constitutionality of LB 104. These questions related to the assignment to the Department of Labor of wage claims, the payment of such penalties to the general fund, and the giving or pledging of the credit of the state to private individuals. We would note that while the amendments proposed in most cases delete any provision for the assignment of claims by private individuals, section 11 still contains a reference to claims assigned to the Commissioner, we view this as an oversight. The amendments further provide that penalties or forfeitures be paid into the school fund of the state.
While these changes meet some of the objections previously raised, the remaining objections still exist. Additionally, a question exists regarding the validity of the power granted the Commissioner under section 9, subsection 2 wherein he is apparently authorized to conduct searches or seizures in businesses without first having secured a warrant from an appropriate court. It is generally the law that administrative inspections require a warrant.
Only significant reasons such as an emergency, would make unnecessary the issuance of a warrant based upon an affidavit showing probable cause.
The most important constitutional problem relating to LB 104 is based upon Article XIII, Section 3 which in relevant part provides:
 "The credit of the state shall never be given or loaned in aid of any individual, association, or corporation, . . ."
In LB 104, section 9, subsection 1 authorizes the Commissioner to hold hearings and investigation charges of violations of the act. Section 10 authorizes the Commissioner to determine whether wages have been paid or not and whether an enforceable claim exists. Subsection 2 of section 10 authorizes the Commissioner with the assistance of the Attorney General to commence a lawsuit in court to recover for the benefit of the employee any wages or interest due.
In the first instance the Commissioner is performing administrative acts that aid an individual in violation of Article XIII, section 3. He is making a determination that certain sums are due from an employer to an employee. This requires that he perform specific acts requiring the expenditure of money, the employment of personnel and the utilization of state owned property. While we do not suggest that such a procedure at all times violates this constitutional prohibition, when it is coupled with the authorization to commence a lawsuit to collect a private judgment, it is our view that Article III, section 3 has been violated.
In State ex rel. Beck v. the City of York, 164 Neb. 223,82 N.W.2d 269 (1957), the Supreme Court was faced with a question involving an attempt by the City of York to issue revenue bonds for the purpose of financing the construction of an industrial facility to be rented to a private corporation. The court held:
 ". . . It is clear that the framers of our Constitution had in mind a prohibition against giving or loaning the credit of the State or any subdivision thereof for a purely private purpose. . . ."
The court further pointed out that while the revenue bonds under consideration in Beck were not general obligations of the city that the provision was still violated because:
 ". . . [T]hey do cast burdens upon the city with reference to their issuance and payment. The city and its officers are charged with the duty of fixing and collecting the rentals from which the revenue bonds are to be paid. This necessitates the execution of leases, the fixing of rentals, the taking of chattel mortgages on equipment to secure the payment of rent, the providing of insurance coverage, and the determination of payments to be made in lieu of taxes. It imposes duties and responsibilities upon the city and its officers on matters which are private rather than public in character. . . ." (Emphasis added.)
We believe that the same situation exists under the proposed legislation and the amendments proposed to LB 104. Duties and responsibilities are cast upon the Department of Labor and the Office of Attorney General which are private rather than public in character. They are required under the act to collect moneys from one private party for another private party. Thus the effect is to subsidize private lawsuits by the expenditure of public revenue this in our opinion violates the provisions of Article XIII, section 3.